1  WILLIAM M. AUDET (CA SBN 117456)
   waudet@audetlaw.com
2  JONAS P. MANN (CA SBN 263314)
3  jmann@audetlaw.com
   THEODORE H. CHASE (CA SBN 295823)
4  tchase@audetlaw.com
   AUDET & PARTNERS, LLP
5  221 Main Street, Suite 1460
   San Francisco, CA 94105
6  T. 415.568.2555
7  F. 415.568.2556

8  *Counsel for Plaintiff and the Proposed Class*

9

10              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
11                      **SAN JOSE DIVISION**

12

13 | STEPHEN DENZ, on behalf of himself and all others similarly situated, | **CASE NO.** |
14 | | |
   | | **CLASS ACTION COMPLAINT** |
15 | Plaintiff, | |
   | | 1. **Violation of California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200,** *et seq.***)** |
16 | v. | |
17 | NVIDIA CORPORATION; GIGABYTE GLOBAL BUSINESS CORPORATION, d/b/a GIGA-BYTE TECHNOLOGY CO. LTD., and G.B.T., INC. d/b/a GIGA-BYTE TECHNOLOGY CO. LTD., | 2. **Violation of California False Advertising Law (Cal. Bus. & Prof. Code § 17500,** *et seq.***)** |
18 | | |
19 | | **JURY DEMAND** |
20 | | |
21 | Defendants. | |

Plaintiff Stephen Denz ("Plaintiff"), on his own behalf and on behalf of all others similarly situated, makes the following allegations against Defendant Nvidia Corporation ("Nvidia"); Gigabyte Global Business Corporation, d/b/a Giga-Byte Technology Co. Ltd.; and G.B.T., Inc., d/b/a Giga-Byte Technology Co. Ltd., (collectively "Defendants"), such allegations are made based on Plaintiff's personal knowledge and/or are based upon the investigation of counsel:

## **Introduction**

1. This case concerns violations by Defendants of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*, and California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.*, through Defendants' misrepresentations of the performance ability of their GeForce GTX-970.

2. The GeForce GTX-970 is a graphics card for desktop computers. Defendant Nvidia's www.geforce.com website represents states "[t]he GeForce® GTX™ 970 is a high-performance graphics card designed for serious gaming. Powered by new NVIDIA® Maxwell™ architecture, it features advanced technologies and class-leading graphics for incredible gaming experiences."

3. Defendants represented to Plaintiff and the class that the GTX-970 operates with a full 4GB of VRAM and has a cache capacity of 2048KB. Defendant's uniform marketing and product advertising unequivocally represented those capabilities and Plaintiff and the class paid a premium prices for the represented performance.

4. Unfortunately, Nvidia has since admitted that the GTX-970 does not possess the critical abilities they represented. Instead, due to its design, the GTX-970 has only 3.5 GB of VRAM readily available and its cache capacity is 1782KB, both of which directly result in reduced performance.

5. By and through this class action, the plaintiffs seek classwide remedies and recoveries for the class, including restitution and other relief.

**The Parties**

6. Plaintiff Stephen Denz is a citizen and resident of Rockdale, Milam County, Texas. Plaintiff Denz purchased a GTX-970 from Amazon.com on or around February 6, 2015 for approximately $399.99.

7. Prior to purchasing the GTX-970, Plaintiff Denz spent over one month researching the appropriate graphics card that would allow him to play the video games Crysis and Far Cry to their full capacity. During his research Plaintiff Denz saw, reviewed, and relied on Defendant's marketing and the representations contained therein, including but not limited to statements that the GTX-970 operates with a full 4GB of VRAM. In reliance on Defendant's representations regarding the operable VRAM, Plaintiff Denz decided to purchase and install the GTX-970 in his computer.

8. Plaintiff Denz read and relied on the representations made by Defendant, believed them to be true at the time, and based on said representations purchased the GTX-970 at issue in this litigation. The statements made by Defendant contain material misrepresentations and omissions of material fact regarding the quality, reliability, and capacity of the GTX-970.

9. Despite Defendant's representations the GTX-970 does not operate with 4GB of VRAM available at full speed, instead, only 3.5GB of VRAM is readily available and as a result its performance is less than what is represented.

10. Plaintiff has experienced slowed graphics output when the VRAM usage exceeds 3.5GB; specifically, the output becomes choppy and Plaintiff is forced to "turn down" graphics features in order for games to work properly again. This would not occur if the GTX-970 possessed the VRAM and cache capacity represented by Defendants.

11. Defendant Nvidia Corporation is a corporation organized and existing under the laws of the State of Delaware and whose principal place of business and headquarters is in Santa Clara, California, in this District. Nvidia is engaged in the business of designing, manufacturing, selling and distributing computer equipment and graphics processing units ("GPUs"), including the GTX-970. Nvidia ships its products, including the GTX-970, to purchasers, resellers and distributors in and from California, maintains a direct sales force in California, sells its products

1  in retail outlets in California, and creates the specifications and advertisements for its products
2  in and disseminates them from California.

3      12. Defendants Gigabyte Global Business Corporation and G.B.T., Inc. (hereinafter
4  "Gigabyte"), doing business as Giga-Byte Technology Co. Ltd. and/or Gigabyte, are
5  corporations organized and existing under the laws of the State of California and whose
6  principal place of business are located in California, are engaged in the business of designing,
7  manufacturing, selling, and distributing computer equipment, including its Gigabyte graphics
8  card that incorporates and promotes the inclusion of the GTX-970. Defendant ships products,
9  including the Gigabyte graphics card that incorporates the GTX-970, to direct purchasers and
10 distributors in and from California, maintains a direct sales force in California, sells its products
11 in retail outlets in California, and advertises its products in and from California.

## Jurisdiction and Venue

13      13. This Court has subject matter jurisdiction over this action pursuant to the Class
14 Action Fairness Act of 2005, 28 U.S.C. §§ 1332(a) and (d), because the amount in controversy
15 exceeds $5,000,000.00 exclusive of interest and costs, and more than two thirds of the members
16 of the nationwide Class are citizens of states different from that of Defendant.

17      14. Venue is proper in this District under 28 U.S.C. 1391(b) because all Defendants
18 are citizens of the state of California and Defendant Nvidia's improper conduct alleged in this
19 complaint occurred in, was directed from, and/or emanated from its principal place of business
20 located in Santa Clara, California, which is located in this judicial district.

## Class Allegations

22      15. Pursuant to the Federal Rules of Civil Procedure 23(a), (b)(1), (b)(2), and (b)(3),
23 Plaintiffs bring this action as a class action on behalf of themselves and all others similarly
24 situated as members of the following Classes:

> **All persons residing in the United States who purchased, not for retail, Defendants' GTX-970 products.**

16. Excluded from the Class are Defendants, their legal representatives, assigns, and successors, and any entities in which Defendants have controlling interests. Also excluded is the judge to whom this case is assigned and the judge's immediate family.

17. Plaintiff reserves the right to revise this definition of the Class based on facts learned in the course of litigating this matter.

18. The Class consists of thousands of individuals, making joinder impractical.

19. The claims of Plaintiff are typical of the claims of all other Class Members.

20. Plaintiff will fairly and adequately represent the interests of the other Class Members. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of Class Members and have the financial resources to do so. Neither Plaintiff nor his counsel have any interests adverse to those of the other Class Members.

21. Absent a class action, most Class Members would find the cost of litigating their claims to be prohibitive and would have no effective remedy.

22. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

23. Defendants have acted and failed to act on grounds generally applicable to Plaintiff and other Class Members, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class Members.

24. The following questions are common to all class members and resolution of these questions will necessarily resolve the litigation for all class members:

    a. Whether Defendants' conduct is unfair, or unlawful, and/or violates state law;

    b. Whether Defendants represented the GTX-970 as having characteristics it did not have;

    c. Whether Defendants concealed the true nature of the GTX-970;

    d. Whether Defendants should provide restitution to the Class;

      e.      Whether Defendants made material misrepresentations and/or statements that contained material omissions; and

      f.      Whether Defendants intentionally misled the Plaintiff, the class, and the consuming public.

## First Cause of Action

## Violation of California Unfair Competition Law

## (Cal. Bus. & Prof. Code § 17200, *et seq.*)

25. Plaintiff incorporates by reference the allegations set forth above.

26. Defendants' conduct with regard to the GTX-970 problem is an unfair and unlawful business practice in violation of California Business and Professions Code § 17200.

27. California Business and Professions Code § 17200 applies to all claims of all the Class members.

28. Defendants engaged in and continues to engage in acts or practices that constitute unfair competition as defined by Business and Professions Code § 17200.

**UNLAWFUL PRONG OF THE UCL**

29. The unlawful acts and practices of Defendants alleged above constitute unlawful business acts and/or practices within the meaning of California Business and Professions Code § 17200. Defendants' unlawful business acts and/or practices as alleged herein have violated numerous state, statutory and/or common laws. Among other laws, Defendants have violated Business and Professions Codes § 17500, *et seq.*, as well as the Lanham Act, 15 U.S.C. §1111, *et seq.*

30. Plaintiff has standing to pursue these claims, and as alleged in this complaint, has lost money as a result of Defendants' unlawful acts. But for Defendants' misrepresentations and omissions of a material nature, Plaintiff would not have purchased the GTX-970 or would have otherwise expected to pay less.

**UNFAIR PRONG OF THE UCL**

31. Plaintiff has standing to pursue this claim, as Plaintiff have suffered financial injury and has spent money as a result of the Defendants' material misrepresentations and

omissions. Specifically, Defendants' acts and/or practices alleged herein were and are unfair within the meaning of Business and Professions Code § 17200.

32. The harm to California and out of state consumers outweighs the utility, if any, of Defendant's acts and/or practices as alleged herein. Thus, Defendant's deceptive business acts and/or practices, as alleged herein, were unfair within the meaning of the Business and Professions Code § 17200.

33. In addition, as alleged herein, Defendants intended that consumers would be misled and/or deceived into believing that GTX-970 was a better performing product.

34. At all relevant times, Defendants' misconduct and omissions alleged herein: (a) caused substantial injury to the Public; (b) had no countervailing benefit to consumers or to competition that could possible outweigh this substantial injury; and (c) caused damage to ordinary consumers. Thus, Defendants' acts and/or practices as alleged herein were unfair within the meaning of Business and Professions Code § 17200.

35. Consumers have been, and continue to be, injured by Defendants' sale of GTX-970 Class Member Class Members have suffered damage and lost money as a result of the deceptive conduct as alleged herein. The unlawful and unfair business acts and practices of Defendants, as fully described herein, present a continuing threat to the consumers to be misled and/or deceived by Defendants as alleged herein.

36. Plaintiff and the Class have been injured and have suffered loss of money or property as a result of Defendants' unfair and unlawful business acts and practices.

37. Plaintiff suffered injury by overpaying for GTX-970.

38. Plaintiff suffered injury by paying more for GTX-970 than he would have if he had known the truth regarding its performance abilities.

39. Plaintiff requests appropriate relief to prevent Defendants from continuing its unfair, deceptive, and unlawful practices with regard to GTX-970.

**FRAUDULENT PRONG OF THE UCL**

40. Plaintiff has standing to pursue this claim, as Plaintiff has suffered financial injury by way of payment of money for the product as a result of Defendants' deceptive acts.

41. Defendants actions and conduct constitute deceptive business practices, as set forth in Cal. Business and Professions Code § 17200, *et seq*.

42. The conduct at issue was likely to, and did in fact, deceive plaintiff and the class members. By and through misrepresentations and omissions of a material nature, Defendants acted in a deceptive manner. Defendants omitted to disclose the true nature of the GTX-970's performance in terms of VRAM and Cache properties.

43. In fact, as Defendants have now admitted, the GTX-970 performs less than represented.

44. Plaintiff requests appropriate relief, including injunctive relief, as well as restitution and/or disgorgement of all funds and profits made by the defendants by this scheme.

## Second Cause of Action

## Violation of California False Advertising Law "FAL"

## (Cal. Bus. & Prof. Code § 17500, *et seq.*)

45. Plaintiff incorporates by reference all facts alleged above.

46. Plaintiff brings this on behalf of himself and on behalf of the Class.

47. Defendants are California based companies disseminating advertising from California throughout the United States.

48. Defendants have engaged in a systematic campaign of advertising and marketing the GTX-970. In connection with the sale and the promotion of GTX-970, Defendants disseminated or caused to be disseminated false, misleading, and deceptive advertising regarding the abilities to the general public through various forms of media, including but not limited to product packaging, product displays, labeling, advertising and marketing. However, Defendants knew or reasonably should have known that the GTX-970 does not make available to users the advertised capabilities, and that the failure to disclose these facts was a material omission.

49. When Defendants disseminated the advertising described herein, they knew, or by the exercise of reasonable care should have known, that the statements concerning GTX-970

were untrue or misleading, or omitted to state the truth about the GTX-970, in violation of the False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq*.

50. As a proximate result of Defendants' conduct, Plaintiff and members of the Class were exposed to these misrepresentations, omissions and partial disclosures, purchased the GTX-970 in reliance on these misrepresentations, omissions and partial disclosures, and suffered monetary loss as a result.

51. Defendants made such misrepresentations despite the fact that they knew or should have known that the statements were false, misleading, and/or deceptive.

52. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

53. Pursuant to Business and Professions Code §§ 17203 and 17535, Plaintiff and the members of the Class seek an order of this Court enjoining Defendant from continuing to engage, use, or employ the above-described practices in advertising the sale of the GTX-970. Plaintiffs seek an order requiring Defendant to make full corrective disclosures to correct its prior misrepresentations, omissions, failures to disclose, and partial disclosures.

54. On information and belief, Defendant has failed and refused, and in the future will fail and refuse, to cease its deceptive advertising practices, and will continue to do those acts unless this Court orders Defendant to cease and desist pursuant to California Business and Professions Code § 17535.

55. Plaintiff, individually and on behalf of the Class, seeks restitution, disgorgement, injunctive relief, and all other relief allowable under § 17500, *et seq*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, pray for judgment against Defendants as follows:

A. Certify this case as a class action on behalf of the classes defined above, appoint Plaintiff as class representatives, and appoint the undersigned counsel as Class Counsel;

B. Declare that the actions of Defendants, as set out above, violate California Law. To wit, Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*;

C. Award injunctive and equitable relief including, *inter alia*, (i) prohibiting Defendant from engaging in the acts alleged above; (ii) requiring Defendant to disgorge all of its ill-gotten gains to Plaintiffs and the other members of the classes; (iii) requiring Defendant to disclose the actual performance of the product;

D. Award Plaintiff and the Class:

 a. their reasonable litigation expenses and attorneys' fees;

 b. pre- and post-judgment interest, to the extent allowable;

 c. restitution, disgorgement and/or other equitable relief as the Court deems proper;

 d. permanent injunction prohibiting Defendants from engaging in the conduct and practices complained of herein;

 e. statutory damages under 18 U.S.C. § 2520;

 f. punitive damages as allowed by law; and

E. For such other and further relief as this Court may deem just and proper.

Dated:  March 17, 2015       AUDET & PARTNERS, LLP

               /s/ William M. Audet
              William M. Audet
              waudet@audetlaw.com
              Jonas P. Mann
              jmann@audetlaw.com
              Theodore H. Chase
              tchase@audetlaw.com
              221 Main Street, Suite 1460
              San Francisco, CA 94105
              t. 415.568.2555
              f. 415.568.2556

              *Attorneys for Plaintiffs*

**JURY TRIAL DEMAND**

The Plaintiffs hereby demand a trial by jury of all issues so triable.

Dated: March 17, 2015

                                    /s/ William M. Audet
                              By:   William M. Audet